The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner William C. Bost. The appealing party has not shown good ground to reconsider the evidence; receive further evidence; rehear the parties or their representatives; or amend the Opinion and Award.
* * * * * * * * * * *
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing as:
STIPULATIONS
1. The employer/employee relationship existed between Plaintiff and the Defendant-Employer, Dana Volunteer Fire Department, on and for some time prior to December 27, 1993.
2. Dana Volunteer Fire Department is insured for workers' compensation coverage by Michigan Mutual Insurance Company.
3. The parties hereto are subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
4. Medical records of Dr. Ralph C. Loomis and Chiropractor Robert C. Tilka are received into the evidentiary record.
* * * * * * * * * * *
The Full Commission adopts the findings of fact found by the Deputy Commissioner as follows:
FINDINGS OF FACT
1. Plaintiff is a volunteer fireman for the Dana Volunteer Fire Department. He is primarily employed as a full-time fireman for the City of Hendersonville. Plaintiff also works for the City of Hendersonville Housing Authority.
2. On or about December 27, 1993, Plaintiff responded to a call for the Dana Volunteer Fire Department and, while lifting a stretcher during the call, he experienced right-sided low back pain. Plaintiff suffered an injury by accident while working for Dana Volunteer Fire Department on December 27, 1993.
3. Plaintiff has not suffered any lost time from work as a result of his injury by accident of December 27, 1993.
4. Following his December 1993 injury, Plaintiff sought treatment from Robert C. Tilka, Chiropractor. He received chiropractic treatment from Chiropractor Tilka on 13 occasions between December 28, 1993 and March 16, 1994, with marked improvement noted in his condition.
5. Subsequent to March 16, 1994, Plaintiff did not receive any additional treatment from Chiropractor Tilka or any other physician until he experienced recurrent right-sided low back pain twisting in the shower at home. Following the shower incident, Plaintiff again sought treatment from Chiropractor Tilka beginning June 14, 1994. By June 17, 1994, Plaintiff's condition was "much better." After four additional treatment sessions with Chiropractor Tilka, Plaintiff was "discharged symptom free" on July 14, 1994.
6. Following his release from Chiropractor Tilka's treatment on July 14, 1994, Plaintiff remained symptom free until he experienced recurrent low back pain while getting out of a chair at home in late August 1994. As a result, he sought additional treatment from Chiropractor Tilka between August 22, 1994 and October 19, 1994. By October 19, 1994, Plaintiff reported that he was "doing great" and his treatment with Chiropractor Tilka was again discontinued.
7. Plaintiff did not return to Chiropractor Tilka until more than two months later when he reported re-injuring his right lumbosacral region on December 24, 1994 as a result of falling on ice. Thereafter, Plaintiff received a course of conservative treatment from Chiropractor Tilka similar to that which he had undergone on numerous occasions in the past.
8. Plaintiff's complaints following his fall in December 1994 did not resolve as rapidly and as completely as his prior complaints with Chiropractor Tilka's conservative treatment. As a result, he referred Plaintiff for an MRI scan in June 1995, the results of which revealed a small central disk bulge at L4-5. Given the questionable defect as shown on Plaintiff's MRI scan, plaintiff was referred to Dr. Ralph C. Loomis, neurosurgeon.
9. Plaintiff was seen by Dr. Loomis on July 25, 1995, at which time he reported to Dr. Loomis that his symptoms were "off and on." Plaintiff advised Dr. Loomis of his complaints following the December 1993 stretcher incident, and further reported experiencing "no other injuries or accident." Contrary to this history, however, Chiropractor Tilka recorded subsequent injuries and/or accidents suffered by Plaintiff in June 1994, a twisting incident in the shower, August 1994, a chair incident at home, and December 1994, a fall on the ice. As a result of each of the subsequent incidents recorded by Chiropractor Tilka, Plaintiff experienced a material aggravation of his low back complaints which required additional conservative treatment.
10. Plaintiff reached maximum medical improvement as a result of his low back condition on July 25, 1995, and was assigned a 5% permanent partial disability rating to the back.
11. No doctor in this case has expressed an opinion that Plaintiff's low back injury resulting in his 5% permanent partial disability rating was caused by the lifting incident of December 1993, as opposed to the subsequent incidents at home in June and August 1994 or the subsequent fall on the ice in December 1994. Moreover, Plaintiff has failed to establish a causal relationship between the injury he sustained as a result of the December 1993 lifting incident and his subsequent injuries at home in June and August 1994 or his injury following his fall on the ice in December 1994.
* * * * * * * * * * *
Based upon the findings of fact, the Full Commission concludes as follows:
CONCLUSIONS OF LAW
1. Plaintiff sustained an injury by accident arising out of and in the course of his employment on December 27, 1993. N.C. Gen. Stat. § 97-2(6). As a result thereof, however, Plaintiff did not miss any time from work or experience any actual disability. N.C. Gen. Stat. § 97-29; 97-30.
2. As a result of his injury by accident of December 27, 1993, Plaintiff incurred medical expenses for chiropractic treatment from December 28, 1993 through March 16, 1994.
3. Plaintiff has failed to establish his entitlement to any further benefits under the North Carolina Workers' Compensation Act, whether compensation benefits or medical compensation. N.C. Gen. Stat. § 97-2; 97-29; 97-30; 97-31.
* * * * * * * * * * *
Based on the foregoing findings of fact and conclusions of law, the Full Commission affirms the holding of the Deputy Commissioner and enters the following:
AWARD
1. The Defendants shall pay all medical expenses incurred by Plaintiff between December 28, 1993 and March 16, 1994, if Defendants have not already paid such expenses.
2. Plaintiff's claim for additional compensation or benefits under the Act must be, and the same is hereby, DENIED.
3. Each side shall bear its own costs.
S/ ______________________________ DIANNE C. SELLERS COMMISSIONER CONCURRING:
S/ ______________________________ LAURA KRANIFELD MAVRETIC COMMISSIONER
S/ ______________________________ COY M. VANCE COMMISSIONER